JAMES JOYCE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Joyce v. Commissioner
Docket No. 12479-80
United States Tax Court
T.C. Memo 1982-138; 1982 Tax Ct. Memo LEXIS 608; 43 T.C.M. (CCH) 822; T.C.M. (RIA) 82138; March 22, 1982. *608 James Joyce, pro se. Michael Morris, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: This case was assigned for trial to Special Trial Judge Darrell D. Hallett, pursuant to the provisions of General Order No. 6, 69 T.C. XV (1978). The Court agrees with and adopts his report, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE HALLETT, Special Trial Judge: Respondent determined a deficiency in petitioner's 1977 Federal income tax in the amount of $ 3,143 and imposed an addition to tax as provided by section [1] 6653(a)(1) in the amount of $ 157. The issues for decision are (1) Whether petitioner and his wife had unreported salary income of $ 20,942 as determined by respondent; (2) whether petitioner has substantiated various itemized deductions, dependency exemptions and a child care credit not claimed on petitioner's return, but claimed in an amendment to the petition; and (3) whether petitioner is liable for the addition to tax imposed by the respondent and provided by section 6653(a)(1). *609 Petitioner and his wife [2] filed a Form 1040 for the year 1977 which purported to be their joint Federal income tax return. Attached to the return were Internal Revenue Forms W-2 showing that petitioner and his wife had taxable wages totaling $ 20,943.74, from which $ 2,758.09 Federal income tax was withheld. However, the 1977 return showed no amount as wages or other income, nor did it reflect any deductions claimed or show a tax liability for the year. Rather, the return simply showed the income tax withheld, claimed that there was no tax liability, and requested a refund of the total withholding. In addition, the return contained a statement to the effect that petitioner did not "understand this return nor laws that apply to me" and made reference to the Fourth and Fifth Amendments to the Constitution and certain Supreme Court cases. Thereafter, respondent determined a deficiency based upon inclusion in petitioner's gross income of the amount of wages disclosed on the Forms W-2 filed with *610 petitioner's return, and allowance of the zero bracket amount in computing petitioner's tax. In addition, respondent determined that petitioner and his wife intentionally disregarded the rules and regulations, or were negligent, so as to be liable for the addition to tax provided by section 6653(a)(1). Petitioner timely filed his petition setting forth numerous constitutional arguments in support of his contention that the deficiency notice is invalid. Thereafter, respondent moved for summary judgment. Following various hearings before this Court and by Memorandum and Order dated May 22, 1981, petitioner's motion to strike his original petition was granted, petitioner's motion to amend the petition was granted, and respondent's motion to withdraw his motion for summary judgment was also granted. In the above mentioned order, as well as in a previous order dated April 7, 1981, and during the hearings before the Court that led to these orders, petitioner was very clearly informed that his constitutional arguments are frivolous. Further, he was told that he should focus upon the substantive tax issues in the case, namely, whether he had the income determined by respondent, and *611 whether he can substantiate the itemized deductions, dependency exemptions, and/or credits not allowed by respondent in the deficiency notice, but claimed by petitioner. By notice dated September 23, 1981, this case was set for trial on the calendar commencing November 30, 1981, in Los Angeles. On the day the case was set for trial, December 2, 1981, petitioner requested a continuance. The request was denied. Despite being given every opportunity to present testimony concerning the issues, petitioner refused to do so. He apparently relied upon a Fifth Amendment claim in refusing to provide any information concerning his income and deductions. Nevertheless, solely because petitioner had been led to believe by respondent's counsel that the Court would continue his case from the November 30 session, at the conclusion of the trial on December 2, the record was left open for an additional 30 days to give petitioner additional time to attempt to reach a settlement with respondent, or, if he were unable to do so, to submit by stipulation any additional evidence. By order dated January 19, 1982, the time for petitioner to attempt to settle and/or substantiate his case was again extended *612 to February 19, 1982. In a "Report on Settlement" filed with the Court by respondent on January 11, 1982, it is indicated that petitioner substantiated the following items of deduction: Interest Expenses
Credit Cards
$ 315.57
Westinghouse
$ 185.68
Wells Fargo Bank
$ 1,337.27
United California
Bank
$ 493.43
Credit Union
$ 777.35
Total
$ 3,109.30
Medical Expenses
Medicine and Drugs
$ 42.38
Other medical and
dental expenses
$ 670.00
State Gasoline Tax
(From table)
$ 12.00
Respondent's report also states that petitioner substantiated to respondent that he has a daughter who qualified as his dependent in 1977, and presented documents showing he had additional interest income during 1977 of $ 15.48. Nothing further was received from the parties on or before February 19, 1982. Needless to say, petitioner has been given every opportunity to abandon his frivolous constitutional claims and present evidence on the substantive issues regarding his income and allowable deductions for the year 1977. We construe respondent's "Report on Settlement" as a partial concession that petitioner had the deductions and qualified for the dependency exemption as *613 set forth in the report, and the Rule 155 computation should therefore reflect these allowances. Petitioner had the burden of proving that he was entitled to expenses in excess of the conceded amounts, that he did not have the wage income in the amount determined by respondent, and that he was not liable for the addition to tax provided by section 6653(a) (1). Rule 142, Tax Court Rules of Practice and Procedure. Since petitioner failed to present any evidence whatsoever on these matters, aside from the concessions by respondent as set forth above, we conclude that petitioner has not sustained his burden of proof on these items. Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. Petitioner filed a joint return with Sharon L. Joyce for the tax year 1977. However, only Mr. Joyce filed a petition contesting respondent's deficiency determined for 1977.↩